1 | Evan Pitchford (SB# 256536)
    *e.pitchford@conklelaw.com*
2 | Eric S. Engel (SB# 105656)
    *e.engel@conklelaw.com*
3 | CONKLE, KREMER & ENGEL
    Professional Law Corporation
4 | 3130 Wilshire Boulevard, Suite 500
    Santa Monica, California 90403-2351
5 | Phone: (310) 998-9100 • Fax: (310) 998-9109

6 | Attorneys for Plaintiff Chip Pier
    d/b/a FMP Associates

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIP PIER, an individual d/b/a FMP ASSOCIATES,<br><br>Plaintiff,<br><br>v.<br><br>ARCHITECTURAL COMPONENTS GROUP, INC., a Missouri corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE No. 3:18-cv-01485-EMC<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) BREACH OF ORAL CONTRACT**<br>**(2) BREACH OF IMPLIED-IN-FACT CONTRACT**<br>**(3) BREACH OF WRITTEN CONTRACT**<br>**(4) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br>**(5) UNJUST ENRICHMENT**<br>**(6) CONSTRUCTIVE TRUST**<br>**(7) COMMON COUNTS**<br>**(8) OPEN BOOK ACCOUNT**<br>**(9) ACCOUNTING**<br>**(10) UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE § 17200)**<br>**(11) VIOLATION OF MISSOURI SALES COMMISSION STATUTES (MO. ST. § 407.911 *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Assigned for All Purposes:<br>Judge Edward M. Chen<br>Courtroom 5<br><br>Action Filed:     February 6, 2018<br>Removal Date:   March 8, 2018<br>Trial Date:          None |

Plaintiff Chip Pier (a/k/a Fredrick Pier) d/b/a FMP Associates ("FMP Associates"), alleges as follows:

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1. Plaintiff Chip Pier, the individual who does business as FMP Associates, has been a resident of California and Contra Costa County at all times relevant to this action. FMP Associates, at all times relevant to this action, had its principal place of business at 1432 Entrada Verde, Alamo, California 94507.

2. Defendant Architectural Components Group, Inc. ("ACGI") is a Missouri corporation with its principal place of business at 521 George Street, Marshfield, Missouri 65706. ACGI has done and continues to do extensive business selling into Northern California, including in this judicial district.

3. DOES 1 through 10 are defendants whose identities are unknown to FMP Associates at this time. FMP Associates is informed and believes that each DOE has some responsibility for the acts, omissions, and breaches alleged in this pleading and are responsible for the injuries and damages caused thereby. FMP Associates will amend its pleading to state the true names and identities of DOES 1 through 10 when ascertained (ACGI and DOES 1 through 10 referred to collectively as "Defendants").

4. On information and belief each of the Defendants were at all relevant times acting to the fullest extent recognized by law as the agent, employee or co-conspirator of each of the other Defendants, and that in committing the acts and omissions alleged herein and causing the damage and injuries alleged, were acting within the scope of such agency, employment or conspiracy. The Defendants have committed acts in furtherance of the conspiracy, have given aid and encouragement to their co-conspirators and have ratified and adopted the acts of their co-conspirators.

5. On information and belief there exists, and at all times mentioned there existed, a unity of interests and ownership between individual Defendants and business entity defendants such that any individuality and separateness between the individual and businesses never existed or has ceased to exist, and each Defendant is in each instance the alter ego of the other Defendants who control all such entities. To adhere to the fiction of the Defendant entities as having existence as separate and distinct from the individual Defendants or from those with them and who owned and controlled them would permit an abuse of the corporate and other entity privileges, would sanction fraud, and would promote injustice.

## JURISDICTION AND VENUE

6. This action arises under and this Court has original jurisdiction pursuant to 28 U.S.C. 1332 (diversity).

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this judicial district, and because ACGI is subject to the Court's personal jurisdiction with respect to this action. 28 U.S.C. § 1391(c)(2).

## FACTUAL ALLEGATIONS

### Background

8. ACGI, founded in 2001, is a manufacturer of wood walls and wood ceiling systems, including microperforated acoustical wood panels, used in a variety of applications in buildings across the country, including in Northern California and this judicial district.

9. In or about 2008 or 2009, FMP Associates agreed to become an independent wholesale sales representative for ACGI, soliciting orders for, marketing,

and expanding the sale of ACGI's product lines in Northern California (*i.e.* from the California-Oregon border south to and including Fresno, California). FMP Associates has significant experience in the types of wall and ceiling systems manufactured and sold by ACGI, along with many contacts with architects and contractors in the Northern California area.

## The Agreement

10. The pertinent terms of the independent sales representative agreement ("Agreement") between FMP Associates and ACGI are as follow:

(a) FMP Associates is the exclusive ACGI representative for the Northern California territory, as defined above.

(b) When ACGI sells a project located within the Northern California territory, FMP Associates receives a 2.5% commission (referred to by the parties as "Territory Credit"), regardless of FMP Associates' participation in the project.

(c) When a project architect is located within the Northern California territory (regardless of the location of the project), FMP Associates receives a 5% commission (referred to by the parties as "Spec Credit"), regardless of FMP Associates' participation in the project.

(d) When a project contractor is located within the Northern California territory (regardless of the location of the project), FMP Associates receives a 2.5% commission (referred to by the parties as "Contractor Credit"), regardless of FMP Associates' participation in the project.

(e) As such, FMP Associates is entitled to receive up to a 10% commission for projects with a nexus to its territory pursuant to the cumulative factors described in Paragraphs 10(b)-(d). A full 10% commission comprised of all three different "Credits" is referred to by the parties as a "Commission."

(f) Commissions become due on final project payment.

11. Consistent with these terms, FMP Associates represented ACGI on a wide number of projects over the years, receiving "Credits" and "Commissions" related to projects, architects, and/or contractors located in the Northern California territory.

12. On a case-by-case basis, FMP Associates could specifically agree to an adjustment from the commission rates in Paragraphs 10(b)-(e).

<u>The Apple Campus Project</u>

13. In or around 2012, FMP Associates met with Foster + Partners, an architectural firm with offices in Cupertino, California that was soliciting manufacture of micro-perforated wood panels for the planned Apple Campus in Cupertino (located within this judicial district), a significant project both in terms of size and prestige. FMP Associates discussed project specifications with Foster + Partners, provided sample products, pitched the project to ACGI, and connected Foster + Partners with ACGI. FMP Associates was involved with and copied on communications between Foster + Partners, contractors, and ACGI regarding the Apple Campus project.

14. ACGI was ultimately selected to manufacture the micro-perforated wood panels for the Apple Campus project, an approximately 2.8 million square-foot building. Upon information and belief, the estimated contract amount for the Apple Campus project was $20,000,000. Upon information and belief, construction did not

begin until late 2013 or early 2014 and continued into 2017. Upon information and belief, the Apple Campus project was not fully paid by Apple to ACGI until 2016 or later.

15. FMP Associates procured the Apple Campus project for ACGI. The Apple Campus project and the architect were located in FMP Associates' exclusive territory, and the contractor was located outside FMP Associates' territory. As such, FMP Associates is owed a 7.5% commission for the Apple Campus project, which on information and belief totals at least $1,500,000.

16. Instead of paying commissions to FMP Associates on the Apple Campus project as required under the Agreement, ACGI characterized an initial payment of $10,000 as a "finder's fee" and said no commissions would be forthcoming. FMP Associates did not accept this proposed characterization or limitation, and in communications well into 2017 ACGI appeared to accept that commissions were owed to FMP Associates for the Apple Campus project and stated repeatedly that commissions and commission reports would be furnished. Indeed, in checks that referred to the payments as "Apple Commission," ACGI made $90,000 of additional partial payments of Apple Campus commissions into 2017.

17. ACGI has not paid the remainder of the Apple Campus commission owed to FMP Associates, which on information and belief totals at least $1,400,000.

## Additional Apple Projects

18. From 2012 onward, FMP Associates performed similar representative work for and was involved in communications for additional Apple micro-perforated wood panel projects, including the Apple Campus Fitness Center, the Apple Campus Visitors Center, the Apple Campus Transit Center, and others. These projects were in

FMP Associates' exclusive Northern California territory and involved contractors and architects within the exclusive territory. As such, FMP Associates is owed a 10% commission for the additional Apple projects. Upon information and belief, the estimated contract amount for these additional Apple projects was $3,800,000 or greater. Upon information and belief, these additional Apple projects were not fully paid by Apple until 2016 or later.

19.   In 2016, in a check that referred to the payment as "First commission on Apple Fitness," ACGI made a partial payment of $2,500 in commissions owed to FMP Associates on these additional Apple projects. ACGI has not paid the remainder of the commissions owed on the additional Apple projects, which on information and belief total at least $377,500.

20.   On information and belief, FMP Associates is owed approximately $1,777,500 or greater in commissions for the sold Apple projects in their entirety.

### The Termination

21.   On February 19, 2018, counsel for ACGI gave notice that FMP Associates was terminated as an independent sales representative for ACGI. FMP Associates had, up until the date of termination, been regularly procuring sales for ACGI.

22.   Upon receiving notice of termination, FMP Associates, via its counsel of record, requested that ACGI provide all outstanding commission reports and make payment of all outstanding commissions. As of the filing of this Amended Complaint, ACGI has neither provided the commission reports nor paid any further commissions.

///

# FIRST CAUSE OF ACTION
# FOR BREACH OF ORAL CONTRACT
# AGAINST DEFENDANT ACGI

23. FMP Associates realleges and incorporates by reference Paragraphs 1 through 22, above.

24. FMP Associates and ACGI entered into the Agreement, pertinent provisions of which are described in Paragraphs 10(a)-(f).

25. FMP Associates performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms of the Agreement, other to the extent excused, waived, or prevented by ACGI from so performing.

26. ACGI has partially performed under the Agreement, among other ways, by causing partial commissions to be paid to FMP Associates for some of the Apple-related projects referenced above.

27. ACGI breached the Agreement, among other ways, by failing to pay all amounts owed to FMP Associates under the Agreement, including but not limited to as relates to the Apple projects.

28. As a result of ACGI's breaches of the Agreement, FMP Associates has suffered damages in an approximate amount of $1,777,500 or greater, subject to proof at trial.

///

///

# SECOND CAUSE OF ACTION
# FOR BREACH OF IMPLIED-IN-FACT CONTRACT
# AGAINST DEFENDANT ACGI

29. FMP Associates realleges and incorporates by reference Paragraphs 1 through 22, above.

30. FMP Associates and ACGI entered into the Agreement, pertinent provisions of which are described in Paragraphs 10(a)-(f).

31. FMP Associates performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms of the Agreement, other to the extent excused, waived, or prevented by ACGI from so performing.

32. ACGI has partially performed under the Agreement, among other ways, by causing partial commissions to be paid to FMP Associates for some of the Apple-related projects referenced above.

33. ACGI breached the Agreement, among other ways, by failing to pay all amounts owed to FMP Associates under the Agreement, including but not limited to as relates to the Apple projects.

34. As a result of ACGI's breaches of the Agreement, FMP Associates has suffered damages in an approximate amount of $1,777,500 or greater, subject to proof at trial.

///

-9-                                   3:18-cv-01485-EMC
FIRST AMENDED COMPLAINT

# THIRD CAUSE OF ACTION
# FOR BREACH OF WRITTEN CONTRACT
# AGAINST DEFENDANT ACGI

35. FMP Associates realleges and incorporates by reference Paragraphs 1 through 22, above.

36. FMP Associates and ACGI entered into the Agreement, pertinent provisions of which are described in Paragraphs 10(a)-(f).

37. On information and belief, there are writings between the parties that are sufficient to constitute a memorandum of the parties' Agreement.

38. FMP Associates performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms of the Agreement, other to the extent excused, waived, or prevented by ACGI from so performing.

39. ACGI has partially performed under the Agreement, among other ways, by causing partial commissions to be paid to FMP Associates for some of the Apple-related projects referenced above.

40. ACGI breached the Agreement, among other ways, by failing to pay all amounts owed to FMP Associates under the Agreement, including but not limited to as relates to the Apple projects.

41. As a result of ACGI's breaches of the Agreement, FMP Associates has suffered damages in an approximate amount of $1,777,500 or greater, subject to proof at trial.

# FOURTH CAUSE OF ACTION
# FOR BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
# AGAINST ALL DEFENDANTS

42. FMP Associates realleges and incorporates by reference Paragraphs 1 through 22, above.

43. The parties entered into the Agreement, the terms of which included an implied covenant of good faith and fair dealing by which each of the parties agreed not to act in a manner so as to deny the benefits of the Agreement to the other.

44. FMP Associates performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms of the Agreement, other to the extent excused, waived, or prevented by ACGI from so performing.

45. ACGI has partially performed under the Agreement, among other ways, by causing partial commissions to be paid to FMP Associates for some of the Apple-related projects referenced above.

46. ACGI breached the Agreement, among other ways, by denying commissions owed to FMP Associates under the Agreement, and instead asserting that FMP Associates is only owed some lesser "finder's fee."

47. As a result of ACGI's breaches of the Agreement and Defendants' breach of their implied obligation of good faith and fair dealing, FMP Associates has suffered damages in an approximate amount of $1,777,500 or greater, subject to proof at trial.

## FIFTH CAUSE OF ACTION
## FOR UNJUST ENRICHMENT
## AGAINST ALL DEFENDANTS

48. FMP Associates realleges and incorporates by reference Paragraphs 1 through 22, above.

49. Defendants have been unjustly enriched by taking the benefits of FMP Associates' performance under the Agreement, while denying to FMP Associates fair compensation for its services.

50. FMP Associates is entitled to recover the value of its services to Defendants, in an approximate amount of $1,777,500 or greater, according to proof at trial.

## SIXTH CAUSE OF ACTION
## FOR CONSTRUCTIVE TRUST
## AGAINST ALL DEFENDANTS

51. FMP Associates realleges and incorporates by reference Paragraphs 1 through 22, above.

52. FMP Associates has an interest in certain personal property in the possession or control of Defendants, namely commissions earned pursuant to the Agreement but wrongfully withheld by Defendants.

53. By virtue of their wrongful acts, Defendants hold the property as constructive trustees for FMP Associates' benefit.

54. FMP Associates is unsure of the amount that Defendants hold in constructive trust for FMP Associates, but on information and belief it is in the approximate amount of $1,777,500 or greater. Defendants are uniquely in possession and control of the information required to establish the amount held by Defendants in constructive trust, and an accounting is necessary to determine the amount.

## SEVENTH CAUSE OF ACTION
## FOR COMMON COUNTS
## AGAINST ALL DEFENDANTS

55. FMP Associates realleges and incorporates by reference Paragraphs 1 through 22, above.

56. Defendants have become indebted to FMP Associates in an amount equal to the reasonable value of the services provided by FMP Associates for the benefit of one or more of the Defendants.

57. FMP Associates has repeatedly demanded payment of the amounts due, but Defendants have refused to pay such amounts due to FMP Associates.

58. As a result of Defendants' failure to pay amounts due to FMP Associates, FMP Associates has suffered damages in an approximate amount of $1,777,500 or greater, subject to proof at trial.

## EIGHTH CAUSE OF ACTION
## FOR OPEN BOOK ACCOUNT
## AGAINST ALL DEFENDANTS

59. FMP Associates realleges and incorporates by reference Paragraphs 1 through 22, above.

60. FMP Associates and ACGI entered into business transactions in which commissions were earned by FMP Associates and payable by ACGI.

61. On information and belief, ACGI kept an open book account relating to the transactions between FMP Associates and ACGI.

62. ACGI is indebted to and owes FMP Associates an approximate amount of $1,777,500 or greater on the account, subject to proof at trial.

## NINTH CAUSE OF ACTION
## FOR ACCOUNTING
## AGAINST ALL DEFENDANTS

63. FMP Associates realleges and incorporates by reference Paragraphs 1 through 22, above.

64. Defendants owe FMP Associates commissions earned pursuant to the Agreement but wrongfully withheld by Defendants.

65. FMP Associates is unsure of the exact amount that Defendants owe to FMP Associates, because Defendants are uniquely in possession and control of the information required to establish the amount owed by Defendants. An accounting is necessary to determine the exact amount owed by Defendants. However, FMP Associates is informed and believes it is owed commissions in an approximate amount of $1,777,500 or greater.

66. FMP Associates is entitled to a full accounting by Defendants of all financial information necessary to determine the complete amount of commissions owed to FMP Associates.

# TENTH CAUSE OF ACTION
# FOR UNFAIR BUSINESS PRACTICES
# AGAINST ALL DEFENDANTS

67. FMP Associates realleges and incorporates by reference Paragraphs 1 through 22, above.

68. Defendants' acts constituted business practices that were unlawful, unfair and fraudulent toward FMP Associates, which acts constitute unfair competition within the prohibitions of California Business and Professions Code section 17200 *et seq*.

69. FMP Associates is entitled to restitution of the commissions to which it was and is entitled to immediate possession and ownership.

# ELEVENTH CAUSE OF ACTION
# FOR VIOLATION OF MISSOURI SALES COMMISSION STATUTES
# AGAINST ALL DEFENDANTS

70. FMP Associates realleges and incorporates by reference Paragraphs 1 through 22, above.

71. ACGI, a Missouri corporation with headquarters and manufacturing in Missouri, is a "principal" as defined in Mo. St. § 407.911(2).

72. FMP Associates is a "sales representative" as defined in Mo. St. § 407.911(3).

73. ACGI agreed to pay and paid FMP Associates in "commissions" as defined in Mo. St. § 407.911(1).

74. Pursuant to the parties' agreement as referenced in Paragraph 10(f), above, commissions to FMP Associates become due on final project payment. In the alternative, pursuant to Mo. St. § 407.912.1(2), commissions to FMP Associates are due on the date a particular product is delivered and accepted by the purchaser, or on the date the principal receives satisfaction in full for such project.

75. Pursuant to Mo. St. § 407.912.2, regardless of ACGI's termination of FMP Associates, FMP Associates is still owed commissions on products or services ordered prior to the termination but delivered and accepted by the various purchasers after such termination.

76. Pursuant to Mo. St. § 407.912.3, all commissions due prior to termination of the sales representative are to be paid within 30 days of termination. All commissions which become due after the termination are to be paid within 30 days of becoming due. Further, a sales representative may not be denied commissions on products ordered prior to the termination but delivered and accepted after the termination; such commissions are "earned" pursuant to the Missouri Sales Commission Statutes.

77. As of the filing of this Amended Complaint, more than 30 days have elapsed since the February 19, 2018 termination and, despite FMP Associates' specific requests for payment, ACGI has paid no earned or due commissions to FMP Associates since the termination, including but not limited to the commissions owed in connection with the Apple Projects.

78. For its failure and continuing failure to pay commissions due and owing to FMP Associates, ACGI is in violation of the Missouri Sales Commission Statutes (Mo. St. § 407.911 *et seq.*). Pursuant to Mo. St. § 407.913, any principal who fails to timely

pay the sales representative commissions earned by such sales representative shall be liable to the sales representative in a civil action for the actual damages sustained by the sales representative, and an additional amount as if the sales representative were still earning commissions calculated on an annualized pro rata basis from the date of termination to the date of payment.  In addition the court may award reasonable attorneys' fees and costs to the prevailing party.

79. As a result of ACGI's violations of the Missouri Sales Commission Statutes, FMP Associates has suffered damages in at least an approximate amount of $1,777,500 or greater, subject to proof at trial, plus additional statutory damages and fees as specified in Mo. St. § 407.913, subject to proof at trial.

## PRAYER

**WHEREFORE**, FMP Associates prays for relief as follows:

1. For compensatory damages and interest in an amount according to proof at trial;

2. For restitution of all funds acquired by means of any act or practice determined to be unlawful, unfair, or fraudulent according to proof at trial;

3. For a constructive trust on monies due FMP Associates;

4. For an accounting;

5. For costs incurred;

6. For an amount as if FMP Associates was still earning commissions calculated on an annualized pro rata basis from the date of termination to the date of payment, pursuant to Mo. St. § 407.913;

7. For attorneys' fees; and

///

8. For such other and further relief as deemed just and proper by the Court.

Dated: March 23, 2018          Evan Pitchford
                               Eric S. Engel, members of
                               CONKLE, KREMER & ENGEL
                               Professional Law Corporation

                         By: */s/ Evan Pitchford*
                             Evan Pitchford
                             Attorneys for Plaintiff Chip Pier
                             d/b/a FMP Associates

## DEMAND FOR JURY TRIAL

Plaintiff Chip Pier d/b/a FMP Associates hereby demands a trial by jury of all triable issues.

Dated:  March 23, 2018           Evan Pitchford
                                 Eric S. Engel, members of
                                 CONKLE, KREMER & ENGEL
                                 Professional Law Corporation

                            By:  */s/ Evan Pitchford*
                                 Evan Pitchford
                                 Attorneys for Plaintiff Chip Pier
                                 d/b/a FMP Associates

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 3130 Wilshire Boulevard, Suite 500, Santa Monica, California 90403-2351.

On March 23, 2018, I served true copies of the following document(s) described as **FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

Jonathan R. Doolittle (SBN 290638)
Matthew T. Peters (SBN 256739)
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, CA 94105-3659

(415) 543 8700 Telephone
(415) 391 8269 Facsimile

Attorneys for Defendant
*Architectural Components Group, Inc.*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 23, 2018, at Santa Monica, California.

/s/ *Felicia Ball*
Felicia Ball